**Martin DICHNER, Defendant, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 6483.**

United States Court of Appeals
First Circuit.

July 15, 1965.

Edward M. Dangel, Boston, Mass., with whom Marshall Medoff, Boston, Mass., Samuel Landa, Pittsfield, Mass., and Dangel & Sherry, Boston, Mass., were on brief, for appellant.

Murray H. Falk, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, LUMBARD,* Chief Judge, and LEWIS,* Circuit Judge.

* Sitting by designation.

ALDRICH, Chief Judge.

 The principal point raised in this appeal from a conviction for having wilfully made a false statement in order to obtain a FHA loan, 18 U.S.C. § 1010, is whether the false completion certificate, itself undated, was submitted to the bank a few days prior to the date appearing on the loan application, so that the statute of limitations had run. 18 U.S.C. § 3282. We have reviewed the record with care and find no basis for ruling as matter of law that the evidence required a finding favorable to the defendant's position. It may be that the government is contending for a somewhat unusual order of events, but matters which defendant freely admits show of themselves an unusual situation. The trial was conducted with great consideration for the defendant, the jury was fairly instructed as to the question involved, and we see no ground for complaint.

 In this court the defendant engages in the much too popular pastime of scutinizing the transcript and alleging possible errors that had not been noted before. We have, on a number of occasions, stated that we will not consider such matters unless the error was of great magnitude. See Lash v. United States, 1 Cir., 1955, 221 F.2d 237, cert. den. 350 U.S. 826, 76 S.Ct. 55, 100 L.Ed. 738. We would add that the presentation of routine, previously unobjected to matters, often not error at all, as if we had made no such announcement, unduly burdens the court and serves only to cast unmerited reflection upon trial counsel, who normally is in a better position to appraise the propriety and materiality of the conduct subsequently criticized, and presumably purposely did not object. It is also unfair to the court and the public generally if a defendant can have two bites at the cherry by saying nothing and then coming back and asking for a second chance. Cf. Reiss v. United States, 1 Cir., 1963, 324 F.2d 680, cert. den. Jacobs v. United States, 376 U.S. 911, 84 S.Ct. 667, 11 L.Ed.2d 609. Finally, and by no means unimportantly, unless we take the time to review such sub-sequently discovered "errors" on the merits, our refusal doubtless has the effect of causing the defendant to feel, quite improperly, that he has been unjustly treated.

 We believe it high time that the bar realize that we mean what we say in this regard. "Plain error" means precisely that, and "exceptional circumstances" must in fact be exceptional. See Silber v. United States, 1962, 370 U.S. 717, 718, 82 S.Ct. 1287, 8 L.Ed.2d 798. Counsel's attempt to make plain error from any error that can be shown to be of a prejudicial character would make the rule almost meaningless. Error which is not prejudicial at all is not a ground for reversal even if objection has been fully noted. See F.R.Crim.P. 52(a).

Affirmed.