Frank Anthony **PUGLIANO**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

William **CARRANZA**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 6500, 6501.

United States Court of Appeals
First Circuit.
July 23, 1965.

Philip T. Jones, Boston, Mass., for appellants.

William B. Duffy, Jr., Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, LUMBARD *, Chief Judge, and LEWIS *, Circuit Judge.

ALDRICH, Chief Judge.

The defendants were found guilty by a jury on two counts of an indictment. Count 1 charged conspiracy to receive, possess and transport in interstate commerce goods which were known to be stolen, and which had been stolen when moving in interstate commerce. Count 2 charged the substantive offense of possession of goods stolen in interstate commerce knowing the same to have been stolen. Following the verdict the defendants received single sentences on the whole indictment, and they appeal.

The defendants, not entirely without cause, attack the validity of Count 1 of the indictment in that it fails to allege that they knew that the goods had been, or were to be, stolen in interstate commerce. With respect to the conspiracy to transport in interstate commerce the charge was adequate. 18 U.S. C. § 2314; Gable v. United States, 7 Cir., 1936, 84 F.2d 929. The substantive crime of receiving or possessing goods that have been stolen in interstate commerce requires knowledge only of the fact, and not the place, of theft. 18 U.S. C. § 659; United States v. Sherman, 2 Cir., 1948, 171 F.2d 619, cert. den. 337 U.S. 931, 69 S.Ct. 1484, 93 L.Ed. 1738. However, the reasoning in Sherman, coupled with that of prior cases in that circuit on which the court relied, indicates that conspiracy to receive requires proof of knowledge of the interstate character of the theft.

We need not decide, however, whether we would follow Sherman in this regard unless there was error as to Count 2, since defendants received one sentence on the entire indictment. Sinclair v. United States, 1929, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692; cf. United States v. Gainey, 1965, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658. With respect to that count we have examined the evidence and find it substantively sufficient. It is true that perhaps more than the usual number of connecting inferences needed to be drawn, but we cannot say that the jury could not have properly done so. Nor do we find merit in those of defendants' other exceptions that were adequately preserved.

One matter we do comment upon. When, after several hours, the jury indicated the possibility of a disagreement, the court read them a portion of the Allen,[1] or, more exactly, of what in this jurisdiction is known as the Tuey[2] supplemental charge concerning the jury's duty to endeavor to agree. It omitted the part dealing with the burden of proof.[3] Counsel expressed no objection upon the record.[4] If it was error to make this omission, which we do not decide, we are satisfied that it was not "plain error," and cannot now be reviewed. Dichner v. United States, 1 Cir., 348 F.2d 167 (7/15/65).

The writer of this opinion will, however, append a personal observation. The so-called Allen charge, while not uniformly endorsed, cf. Green v. United States, 5 Cir., 1962, 309 F.2d 852, is commonly accepted, without discussion, on the ground that it was approved by the Supreme Court. See, e. g., Moore v. United States, D.C.Cir., 1965, 345 F.2d 97. The Court's opinion contains only a paraphrase of the charge it reviewed, stating that the charge itself was "taken liter-

---

* Sitting by designation.

1. Allen v. United States, 1896, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528.

2. Commonwealth v. Tuey, 1851, 8 Cush. (62 Mass.) 1.

3. See 8 Cush., supra, at 2.

4. Defendant asserted in connection with a motion for new trial that at the bench, immediately after this charge was given, he called the court's attention to the omission he now objects to. He initially saved no rights, however, and for all that appears may have withdrawn any objection. A motion for new trial is too late to save an objection that could have been taken earlier.

**904**

ally" from Tuey. 164 U.S. at 501, 17 S.Ct. at 157. The present question did not arise, and no one since that time appears to have noted that, as the record discloses, the district court had included from Tuey, at the corresponding place in its supplement charge, the following:

> "In order to make a decision more practicable, the law imposes the burden of proof on one party or the other, in all cases. In the present case, the burden of proof is upon the government."

At an appropriate time it might well be asked whether this language may have been, and should be, regarded an integral part of the Allen charge, the leaven making it palatable.

Affirmed.