George P. STACK, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6745.

United States Court of Appeals
First Circuit.

Heard Sept. 14, 1966.

Decided Nov. 10, 1966.

Rehearing Denied Dec. 9, 1966.

David Berman, Boston, Mass., with whom John F. Zamparelli, Medford, Mass., Joel Marc Pressman and Zamparelli & White, Medford, Mass., were on brief, for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Defendant appellant Stack and one Hughes [1] were convicted of the knowing receipt of goods that had been stolen while moving in a foreign shipment. 18 U.S.C. § 659. The first question relates to the propriety of the government's seizure of the goods.[2]

On the evening in question a shipment of freight, inbound from Italy and not yet cleared through customs, lay in a shed at Commonwealth Pier, Boston. Some customs inspectors, in a car on the concourse leading to the pier, observed that a grating had been removed from a window of the building and that the outside light above the window had been extinguished. Since they had never seen the grating removed before, and since, to their knowledge, persons leaving the

---

1. A co-defendant, since deceased.

2. On this appeal, counsel for Stack conceded the propriety of the seizure. Lest defendant subsequently seek section 2255 relief, but cf. Thornton v. United States, D.C.Cir., 10/6/66, 368 F.2d 822, and since the matter was fully argued by the other defendant, we will consider it nevertheless.

building after hours were supposed to clear through a gate elsewhere, their suspicions were aroused. They took a position where they could watch the window, and at 9:15 apprehended a man who had emerged with stolen articles. After taking him into custody they resumed their post. About 10:00 they observed five or six men coming through the window. At the same time they saw a car come onto the concourse and make two U turns in the vicinity of the window and pick up a man. Although they could not positively identify him as one who had come through the window, the topography disclosed by the exhibits, which we need not detail, made it highly probable that he had done so.

■ Under the circumstances the officers had probable grounds to believe that any man who had come through the window was engaged in a felony, i. e., stealing or smuggling. This is not a case like Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134, where the defendant was in a place where it was reasonable and proper to be, and the police had no clues. It is true that because of their position the officers could not see whether the man was carrying anything, but equally they could not see that he was not. Furthermore, he could have possessed contraband about his person. We hold that there was probable cause for arrest and search.

The car drove off and the officers followed. When they flashed a light and sounded a siren the car accelerated and packages were seen to emerge from the passenger's side. Subsequently the car stopped. Appellant proved to be the driver and Hughes the passenger. The packages were recovered, and later adequately identified as goods stolen from the pier.

■ We will assume that the packages were thrown out of the car because of the flashing light and siren. This, how-ever, having been lawful conduct, even if viewed as an arrest, the articles could be introduced against the defendants. Abel v. United States, 1960, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668.[3]

■ As is our obligation, we have examined each of appellant's points in detail. We find them singularly lacking in substance,[4] so much so that no purpose would be served in discussing them. Appellant contends that various pieces of evidence, concededly admissible for some purposes, prejudiced his case. In every instance, however, the jury was accurately and carefully instructed. It is, of course, true that a defendant who puts the government to its proof may feel that the evidence the government must offer in order to show probable cause for arrest or seizure may carry weight beyond its defined limitations. If that is so, it is the rub of the green. Considerate as courts have been and wish to be of defendants' rights, their protection cannot be expected to achieve absolute limits. It must be sufficient in an instance such as this that the jury is instructed to restrict evidence to its proper sphere, and not to convict unless, on the merits, it has no reasonable doubt.

■■ With respect to other points, defendant ignores the well settled principle that only the most palpable of errors will be noticed on appeal when no objection was made below. Dichner v. United States, 1 Cir., 1965, 348 F.2d 167. Some of the matters thus sought to be raised here are so insubstantial we are led to observe that counsel has an "instinct for the capillaries." The duty owed to a client does not extend to making clearly pointless claims.

Affirmed.

## ON PETITION FOR REHEARING.

### PER CURIAM.

■ The petition for rehearing is denied. A petition for rehearing is not to

---

3. Cf. Commonwealth v. Painten, which we decide this day, 368 F.2d 142.

4. The nadir is the pressing of an objection to a leading question of an obviously pre-liminary character, although almost on a par with this futility is an attack on the abundant qualifications of certain government witnesses.

be filed simply to reargue matters already argued, but is to correct demonstrable error or oversight, either by the court, or by counsel.

■■ With respect to the contention sought to be made that the defendant did not press the issue of probable cause, every issue is raised in a criminal case unless the defendant waives it. DeCecco v. United States, 1 Cir., 1964, 338 F.2d 797. It does not render evidence inadmissible simply because, having heard the evidence, the defendant decides not to press the matter. Petitioner's point is particularly ill taken in the present case, as it should be noted that this co-defendant argued lack of probable cause even on appeal.