**UNITED STATES of America, Appellee,**

v.

**Christopher C. MITCHELL, Defendant, Appellant.**

**No. 7614.**

United States Court of Appeals, First Circuit.

Oct. 7, 1970.

As Amended Oct. 22, 1970.

Charles F. Choate, Boston, Mass., with whom Mark A. Michelson, and Choate, Hall & Stewart, Boston, Mass., were on brief, for appellant.

Carleton D. Powell, Atty., Dept. of Justice, with whom Herbert F. Travers, Jr., U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, and Joseph M. Howard, Attys., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Appellant was convicted of wilful failure to file income tax returns in violation of 26 U.S.C. § 7203. In the course of the investigation which resulted in prosecution, Special Agents of the Internal Revenue Service interrogated appellant on several occasions. On none of these occasions was he under arrest. The I.R.S. Agents gave Mitchell no warning of his fifth or sixth amendment rights or even of the fact that he was being investigated for a criminal offense. At these meetings appellant provided the Agents with incriminating evidence that was introduced against him without objection at trial.

Appellant now argues that this evidence was inadmissible under the Supreme Court's rulings in the cases of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) and because the interrogations, in which the evidence was obtained, were in violation of I.R.S. procedures.

Appellant's trial counsel failed to object to the admission of this evidence despite the fact that the government's direct examination of the I.R.S. Agent brought out that Mitchell had not been given the warnings which it is now asserted on appeal were required by *Miranda* and I.R.S. procedures. Nor did he move to strike after his cross-examination in which he specifically asked the Agent what warnings had been given. Appellant, who is represented by different counsel on appeal, asserts that the admission of this evidence was plain error which this court may consider under Fed.R.Crim.P. 52(b). In Dichner v. United States, 348 F.2d 167 (1st Cir. 1965), we indicated our reluctance to consider claims not raised below except in unusual circumstances. " 'Plain error' means precisely that, and 'excep-

tional circumstances' must in fact be exceptional." 348 F.2d at 168.[1]

In urging us to invoke Rule 52(b) here, appellant relies on Hensley v. United States, 406 F.2d 481 (10th Cir. 1968). *Hensley* also concerned an I.R.S. interrogation in which the *Miranda* warnings were not given. At trial the defendant failed to object to the admission of evidence obtained at this interrogation. Although noting that "even constitutional objections may be waived by a failure to raise them at a proper time", (406 F.2d at 484, citing Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967)), the Tenth Circuit agreed to consider the *Miranda* issue. At the time of trial, it was thought that *Miranda* did not apply to I.R.S. interrogations, but in the interim between trial and appeal, the Supreme Court announced its decision in Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968), holding that under certain circumstances *Miranda* rights were available at I.R.S. interrogations. Because a defendant cannot waive, by failing to object, an unknown right, the court in *Hensley* considered the *Miranda* question for the first time on appeal.

■■ The situation in this case is not the same as in *Hensley*. No controlling opinion has intervened to establish a right that had been thought not to exist at the time of trial. Appellant argues that although this court has ruled that *Miranda* does not apply to non-custodial interrogations conducted by the I.R.S.,[2] it has never ruled in a case such as that which faces us now, where the taxpayer has had no warning of any kind. Appellant points out that the Seventh Circuit

has ruled on such a case, holding that warnings must be given. United States v. Dickerson, 413 F.2d 1111 (1969). But the decision of another circuit is not controlling here.[3] Even though the facts of the other cases we have decided indicate that some warnings were given, the thrust of those cases is such that the district court can hardly be said to have committed plain error in admitting the evidence below.[4]

Appellant's attempt to raise this question for the first time on appeal serves only to reaffirm our belief in the wisdom of the rule which prevents litigants from raising new issues on appeal. We are left in the dark because the record is silent on several factual questions pertinent to a consideration of appellant's argument that some form of warning, if not the complete *Miranda* warning, is necessary. For example, at the second meeting with I.R.S. Agents when incriminating evidence was obtained from appellant and at subsequent meetings appellant was accompanied by other individuals. In *Miranda* and in *Mathis* the Court was primarily concerned with the coercion inherent in police interrogations. If we were to consider extending *Miranda* to interrogations such as the one in this case, we would also be interested in the degree of coercion involved in such interviews. On this question, the testimony of appellant's companions at the interview is clearly relevant, yet the failure to object below or to claim that the evidence was involuntarily given precluded such an inquiry.

Appellant's contention that these interrogations violated I.R.S. procedures

---

1. *See also* Defino Martone v. United States, 396 F.2d 229 (1st Cir. 1968); Pugliano v. United States, 348 F.2d 902 (1st Cir. 1965), cert. denied, 382 U.S. 939, 86 S.Ct. 390, 15 L.Ed.2d 349 (1965).

2. Taglianetti v. United States, 398 F.2d 558 (1st Cir. 1968), aff'd, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969); Spinney v. United States, 385 F.2d 908 (1967), cert. denied, 390 U.S. 921, 88 S.Ct. 854, 19 L.Ed.2d 981 (1968); Schlinsky v. United States, 379 F.2d 735

(1st Cir. 1967), cert. denied, 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265 (1967); Morgan v. United States, 377 F.2d 507 (1st Cir. 1967).

3. *See* Hadge v. Second Federal Savings and Loan Ass'n of Boston, 409 F.2d 1254, 1256 n. 1 (1969).

4. As the cases cited in Cohen v. United States, 405 F.2d 34, 37 n. 7 (8th Cir. 1969), indicate, the case relied on by appellant is probably inconsistent with the view of most circuits.

serves as an even better example of the necessity of raising objections at trial. We rule today in the case of United States v. Leahey, 1 Cir., 434 F.2d 7, that I.R.S. Special Agents must follow their publicly announced procedures of giving warnings before interrogating taxpayers. Yet because this issue was not raised below in this case, we do not even know if the I.R.S. had a similar rule at the time appellant was interrogated. Appellant offers only an affidavit of one of appellant's counsel which contains the hearsay statement of a former I.R.S. employee that the I.R.S. did have such a rule at the time of appellant's interrogation. The government, on the other hand, asserts that this affidavit inaccurately characterizes I.R.S. procedure. We cannot decide this kind of factual issue on appeal; if appellant wishes to raise it, he should have done so at trial when the Special Agent who conducted the interrogation could have been called to testify about I.R.S. procedures.

■ At this point in time, appellants cannot claim that the protections afforded them by the *Miranda* opinion are unknown to counsel. While it is true that the full ramifications of that case may not yet be decided, the issue of *Miranda's* applicability is often dependent on factual questions that cannot be dealt with for the first time on appeal. We do not hold that the court will never decide a *Miranda* question that is raised for the first time on appeal; it is enough to say that we shall exercise our discretion to permit those issues to be raised only in exceptional circumstances.

■ Appellant also contends that this court committed error when it refused to remand the record for further development. Appellant had filed in this court a motion to remand the record to the district court for a determination of the fairness of the trial. For the most part, this motion was based on the failure of appellant's trial counsel to call as a witness appellant's psychiatrist to testify as to appellant's state of mind at the time of the commission of the crime. This court denied the motion because of appellant's failure to move for a new trial below. We thought, and still think, that it would be improper for this court to exercise its discretionary power granted by F.R.A.P. 47 to permit appellant to revive an issue which he waived by his failure to move below. A trial must terminate, and a judgment must at some point be considered final. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958), cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958). No precedent exists for the procedure appellant seeks. In Jackson v. United States, 125 U.S.App.D.C. 307, 371 F.2d 960 (1966), on which appellant relies, there was a motion for a new trial. United States v. Taglianetti, 274 F.Supp. 220 (D.R.I. 1967), aff'd, 398 F.2d 558 (1st Cir. 1968), aff'd, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 303 (1969), concerned a wiretap upon a telephone which appellant had used on several occasions. The wiretap became known after the conviction, at the government's own admission. It having been impossible for the issue to be litigated at trial, the motion to remand, made by the government and unopposed by the defendant, was granted for the purpose of determining whether or not the illegal wiretap was a factor in the defendant's conviction.

■ If we have discretion to remand despite the unprecedented nature of appellant's request, we decline to do so. To overcome the burden imposed by such a novel and unprecedented motion, appellant must make a stronger showing than he has made here. Ample evidence was introduced at trial of the impairment of appellant's mental faculties as a result of alcoholism, including the testimony of another doctor who had treated appellant for this affliction. Furthermore, in light of a bench conference at which the court expressed reluctance to admit the psychiatrist's testimony, we cannot agree that trial counsel's decision not to call the witness prejudiced appellant's trial to the extent that has been suggested.

Affirmed.