968 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Linda Whitted ROBINSON, Defendant-Appellant.
 No. 91-5351.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 6, 1992
Decided: July 10, 1992
 
 Argued: Edwin Chrisco Walker, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Linda Kaye Teal, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 On Brief: Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 Before RUSSELL, Circuit Judge, BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Linda Whitted Robinson appeals the district court's revocation of her probation and imposition of a two-year sentence of imprisonment pursuant to 18 U.S.C. § 3565(a) (1988), claiming the district court's application of section 3565 to Robinson's violations of the conditions of her probation violated the ex post facto clause of the United States Constitution. Because we determine that Robinson failed to preserve this issue for appellate review, we affirm the district court's decision.
 
 I.
 
 2
 On November 13, 1989, Appellant Linda Whitted Robinson pled guilty to charges of possessing stolen mail matter on or about August 3, 1987 in violation of 18 U.S.C. § 1708 (1988). On January 26, 1990, the district court sentenced Robinson to five years imprisonment, suspending all but six months of the sentence pursuant to 18 U.S.C. § 3651 (1988),[1] and placing Robinson on probation for a five year period subsequent to her incarceration. The terms of Robinson's probation required her (1) to pay restitution of $1,149 and a special assessment of $50, (2) to comply with all of the standard conditions of probation, and (3) to undergo treatment for alcohol or drug abuse at the discretion of United States Probation Officer Hubert M. Turner, and to submit to such testing for alcohol or drug dependency as Turner required.
 
 
 3
 Robinson's absenteeism from counseling sessions which Turner required her to attend at the Family Recovery Services Center in Fayetteville, North Carolina, proved so extreme that the Center terminated her counseling on January 29, 1991 "due to poor participation in treatment and failure to achieve treatment goals." (J.A. at 17.) Robinson subsequently tested positive for cocaine use as of April 9, 1991. Furthermore, Robinson admitted that she had not attended any of the Alcoholics Anonymous or Narcotics Anonymous meetings that Turner required as part of a drug aftercare program established for Robinson by the United States Probation Office. Finally, Robinson never made any payments toward the restitution or special assessment required as a condition of her probation.
 
 
 4
 The district court conducted a probation revocation hearing on July 2, 1991. At the hearing, Robinson admitted using cocaine during her probation period. The district court then inquired of defense counsel as to the effect of 18 U.S.C. § 3565 (1988)[2] on Robinson's possession of a controlled substance during the term of her probation. Counsel responded, "My only question, Your Honor, is when that went into effect. Your Honor, the date of the positive test was 4/9/91, and that's the question I've got." (J.A. at 41.) After the court informed counsel that section 3565 became effective on December 31, 1988, defense counsel stated,
 
 
 5
 Your Honor, I really have no response for that. She did admit that on the stand and it appears that this section went into effect in 1988. I would request that Your Honor do limit her sentence to one-third of the original time ... she's served six months on her original sentence so I would request Your Honor a proposed sentence of one-third of four and a half years.
 
 
 6
 (J.A. at 41-42.)
 
 
 7
 Based on evidence adduced at the July 2, 1991 hearing, the district court found that Robinson had violated the conditions of her probation by failing to appear at chemical dependency treatment meetings, possessing cocaine during the term of her probation, and failing to make payments the toward restitution and special assessment ordered by the court. Pursuant to 18 U.S.C. § 3565(a), the district court revoked Robinson's probation and sentenced Robinson to two years imprisonment. The district court also remitted the restitution which Robinson was previously ordered to pay. Robinson appeals.
 
 II.
 
 8
 Appellant Robinson contends that application of 18 U.S.C. § 3565 to her violation of probation conditions runs afoul of the ex post facto clause of the United States Constitution by increasing the punishment for her offense under 18 U.S.C. § 1708 after Robinson had committed that offense. We need not reach the merits of Robinson's contention, however, because the Appellant failed to preserve the issue for appellate review.
 
 
 9
 We have previously observed that circuit courts ordinarily will "not consider grounds of objection not presented in the trial court." United States v. Anderson, 481 F.2d 685, 694 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974); see also United States v. Terry, 729 F.2d 1063, 1069 (6th Cir. 1984) (ruling that Fed. R. Crim. P. 51 requires a defendant to object to the action of a trial court in order to preserve the alleged error for appellate review); United States v. Edgewood Health Care Ctr., Inc., 608 F.2d 13, 14 (1st Cir. 1979), cert. denied, 444 U.S. 1046 (1980) (ruling that, pursuant to Fed. R. Crim. P. 51, only the most palpable of errors will be will be noticed on appeal when no objection has been raised below). A review of this record, especially those portions of the record quoted above, demonstrates that Robinson's attorney failed to raise an ex post facto objection to the court's application of section 3565 to Robinson's violations of the conditions of her probation. Once informed at the probation revocation hearing that 18 U.S.C. § 3565 became effective December 31, 1988, defense counsel then conceded that section 3565 should apply to Robinson's conduct, and requested that the district court limit Robinson's sentence under section 3565(a) to one-third of the four and one-half years remaining on her original sentence. The dialogue between the court and defense counsel simply contains no statement which can be interpreted as an objection on ex post facto grounds.
 
 
 10
 Of course, the fact that defense counsel failed to raise an objection at the trial level does not always preclude the circuit court from examining an issue on appeal. As this court noted in Anderson, "[T]he rule is not applied inflexibly. Where injustice may result the Court may consider other grounds than those pressed on the trial court." 481 F.2d at 695. Or, as the Third Circuit stated, "In the absence of a proper objection, we may notice errors if they ... 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' " Government of the Virgin Islands v. Smith, 949 F.2d 677, 686 (3d Cir. 1991) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). Here, however, the court originally sentenced Robinson to five years imprisonment for the offense of possessing stolen mail matter in violation of 18 U.S.C. § 1708. After Robinson served six months of her original sentence, and then violated the conditions of her probation, the district court revoked the sentence of probation and sentenced Robinson to two years imprisonment. Thus, even though she violated the conditions of her probation, Robinson will nonetheless be incarcerated for a total of only thirty months-one-half of her original sentence-for her section 1708 offense. Moreover, 18 U.S.C. § 3565(a) required the district court to sentence Robinson to at least twenty months, i.e., one-third of her original sentence of five years, because Robinson possessed an illegal controlled substance during probation. See 18 U.S.C. §§ 3563(a)(3), 3565 (1988). The district court here sentenced Robinson to two years, or twenty-four months-hardly a draconian increase over the twenty month minimum sentence required by section 3565(a). Finally, as part of Robinson's sentence under section 3565(a) for violating the conditions of her probation, the district court remitted the restitution which the court had ordered Robinson to pay pursuant of her original sentence for violating 18 U.S.C. § 1708. To summarize, we fail to perceive any injustice or unfairness in the district court's action permitting this court to review an issue not preserved for appeal by objection at the trial level. See Anderson, 481 F.2d at 695.
 
 
 11
 For the above reasons, the district court's decision is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Prior to repeal effective November 1, 1987, section 3651 provided in part, Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court ... when satisfied that the ends of justice ... will be served thereby, may suspend the imposition ... of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best
 ....
 The court may revoke or modify any condition of probation, or may change the period of probation.
 .... While on probation and among the conditions thereof, the defendant -
 ....
 May be required to make restitution....
 ....
 The court may require a person who is ... drug dependent ... as a condition of probation, to participate in the community supervision programs authorized by section 4255 of this title for all or part of the period of probation.
 18 U.S.C. § 3651 (1988).
 
 
 [2]
 Section 3565 provides in part,
 Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.
 18 U.S.C. § 3565(a) (1988).
 Section 3563(a)(3) provides,
 Conditions of probation
 (a) MANDATORY CONDITIONS.-The court shall impose, as an explicit condition of a sentence of probation-
 ....
 (3) for a felony, a misdemeanor, or an infraction, that defendant not possess illegal controlled substances.
 18 U.S.C. § 3563(a)(3) (1988).