**UNITED STATES of America**

v.

**James HAMILTON, Appellant.**

**No. 71–1401.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 5, 1972.

Decided Feb. 14, 1972.

Certiorari Denied May 22, 1972.
See 92 S.Ct. 2051.

Errol S. Miller, Pittsburgh, Pa., for appellant.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Samuel J. Orr, III, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, GANEY * and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

On February 23, 1971, the appellant was convicted on a one count violation of 18 U.S.C., § 2423,[1] the White Slave Traffic Act, and from this conviction he appeals.

The evidence here shows that the victim, one Gail Napier, was born on October 6, 1951, and was seventeen years of age in August and September of 1969. She testified that when she arrived at the bus terminal in Pittsburgh, Pennsylvania, she was approached by a taxicab driver, whom she knew as "John", and he invited her to stay with him for a few days while she was in the city. She was then introduced to the appellant who asked her to go to New Jersey and prostitute herself, giving her an airline ticket and $30 spending money and telling her to report to the Jade East Motel in South Hackensack, New Jersey. When she arrived, she was instructed to meet one Carol Jamerson at the Jade East Motel, which she did, and after receiving instructions from Mrs. Jamerson, she stayed at the Motel for several days engaging in prostitution and subsequently returned to Pittsburgh because she disliked her situation.

A Special Agent of the Federal Bureau of Investigation testified that upon interviewing the appellant in September of 1970, he was told that appellant had not sent Mrs. Napier to New Jersey for the purpose of prostitution, but had asked her to report to Johnstown, Pennsylvania, for the same purpose.

The main contention of the appellant is that the Government did not prove that he knew that Gail Napier, the victim in the case, was under the age of eighteen at the time he induced her to cross state lines and engage in prostitution and that the offense described in § 2423 had not been proven.

■ While an examination of the statutes found within the White Slave

---

\* Judge Ganey participated in the argument and disposition of this case but died before this opinion was filed.

1. This section reads as follows:
    "§ 2423  Coercion or enticement of minor female.
    Whoever knowingly persuades, induces, entices, or coerces any woman or girl who has not attained her eighteenth birthday, to go from one place to another by common carrier, in interstate commerce or within the District of Columbia or any Territory or Possession of the United States, with intent that she be induced or coerced to engage in prostitution, debauchery or other immoral practice, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Traffic Act, 18 U.S.C., §§ 2421, 2422 and 2423, shows that there must be proof that one knowingly transports or persuades, induces, entices or coerces a person to be transported in interstate commerce in order to engage in immoral practices including prostitution, § 2423 provides a more severe penalty when the girl is under eighteen years of age and, accordingly, knowledge that the girl is under eighteen years of age is not part of the proof requisite by the Government in order to sustain a conviction.

The statute does not state or require knowledge of the victim's age and an examination of other similar federal penal statutes that knowledge is not a requisite for prosecution shows that they are manifold.

In 18 U.S.C., § 2315, it is shown that a recipient of stolen goods does not require knowledge that the goods have been in interstate commerce. Corey v. United States, 305 F.2d 232 (9th Cir. 1962), cert. denied, 371 U.S. 956, 83 S. Ct. 511, 9 L.Ed.2d 503 (1963); Pugliano v. United States, 348 F.2d 902 (1st Cir. 1965), cert. denied, 382 U.S. 939, 86 S. Ct. 390, 15 L.Ed.2d 349.

In 18 U.S.C., § 2313, the statute punishes knowing receipt of stolen vehicles moving in interstate commerce. This statute is commonly known as the Dyer Act and it need not be shown that the vehicle has crossed a state line in order to convict a defendant of knowingly receiving the stolen vehicle. Pilgrim v. United States, 266 F.2d 486, 488 (5th Cir. 1959).

In 18 U.S.C., § 111, knowledge of an officer's status as a federal employee has been held not to be an element of the offense. United States v. Kartman, 417 F.2d 893 (9th Cir. 1969.)

In addition to the fact that the statutes do not require knowledge of the victim's age, the appellant here did not request the court to charge the jury on this issue of knowledge or to take exception to the court's failure to charge and, accordingly, he has waived his right to raise the issue on appeal. United States v. Chicarelli, 445 F.2d 1111 (3rd Cir. 1971).

The judgment of conviction will be affirmed.