**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Earl Lamonte PARR (Earl Lament Parr)
(aka Maurice Parr, aka Freddie Flack),
Defendant-Appellant.**

No. 82-3711.

United States Court of Appeals,
Sixth Circuit.

Argued July 17, 1984.

Decided Aug. 28, 1984.

Darryl A. Hines, Toledo, Ohio, Eleanore M. Garber (CJA) argued, Louisville, Ky., for defendant-appellant.

Frederick H. McDonald, argued, Asst. U.S. Atty., Toledo, Ohio, for plaintiff-appellee.

Before MERRITT and KENNEDY, Circuit Judges, and ALLEN, District Judge.[*]

MERRITT, Circuit Judge.

This direct criminal appeal raises a perplexing question regarding the permissible units of prosecution and punishment under two provisions of the Mann Act.

## I.

Defendant Parr was charged in a four count indictment with transporting four women across state lines for immoral purposes. The first count alleged that the defendant transported a minor female from Wisconsin to Ohio with the intent that she engage in prostitution in violation of 18 U.S.C. § 2423 (1982),[1] which proscribes the interstate transportation of minors, both male and female, for prostitution. The remaining three counts each allege the transportation of other women, presumably adults, across state lines during the same period of time for the purpose of prostitution in violation of 18 U.S.C. § 2421 (1982),[2] which proscribes the transportation of any woman or girl, regardless of age, for prostitution. The defendant was convicted on all four counts and received the maximum penalty for each violation, *i.e.*, ten years for the section 2423 violation, and five years for each of the section 2421 violations. The sentences were ordered to be served concurrently, however, so that the defendant received an effective sentence of ten years.

[*] The Honorable Charles M. Allen, Judge of the United States District Court for the Western District of Kentucky, sitting by designation.

1. Section 2423 provides as follows:
    (a) Any person who transports, finances in whole or in part the transportation of, or otherwise causes or facilitates the movement of, any minor in interstate or foreign commerce, or within the District of Columbia or any territory or other possession of the United States, with the intent—
    (1) that such minor engage in prostitution; or
    (2) that such minor engage in prohibited sexual conduct, if such person so transporting, financing, causing, or facilitating movement knows or has reason to know that such prohibited sexual conduct will be commercially exploited by any person;
    shall be fined not more than $10,000 or imprisoned not more than ten years, or both.
    (b) As used in this section—
    (1) the term "minor" means a person under the age of eighteen years;
    (2) the term "prohibited sexual conduct" means—
    (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
    (B) bestiality;
    (C) masturbation;
    (D) sado-masochistic abuse (for the purpose of sexual stimulation); or
    (E) lewd exhibition of the genitals or pubic area of any person; and

    (3) the term "commercial exploitation" means having as a direct or indirect goal monetary or other material gain.

2. Section 2421 provides as follows:
    Whoever knowingly transports in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; or
    Whoever knowingly procures or obtains any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, or in the District of Columbia, or any Territory or Possession of the United States, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in the District of Columbia or any Territory or Possession of the United States—
    Shall be fined not more than $5,000 or imprisoned not more than five years, or both.

Defendant argues, and the prosecution concedes, that the four women were transported across state lines at the same time in the same automobile; there was, in other words, a single act of transportation. Defendant maintains therefore that the indictment is multiplicitous under the rule of *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 ·L.Ed. 905 (1955) (transportation of two women on the same trip in the same vehicle constitutes a single offense). He argues that he can receive but one conviction for the single act of transportation even if the group being transported consists of a mixture of adults and minors. The prosecution concedes that the three counts alleging violations of section 2421 are multiplicitous, as it must in the face of *Bell*. It maintains, however, that a single act of transporting a minor and an adult may result in separate convictions and cumulative punishment under sections 2421 and 2423.

## II.

"Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, *United States v. Wiltberger*, 18 U.S. 76, 5 Wheat. 76, 93, 5 L.Ed. 37 (1820), the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, —— U.S. ——, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984). "In the federal courts the test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), ordinarily determines whether the crimes are indeed separate and whether cumulative punishments may be imposed." *Ohio v. Johnson*, 104 S.Ct. at 2541 n. 8. The *Blockburger* rule is that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

It is clear that section 2421 and 2423 each requires proof of an additional fact which the other does not. Section 2423 requires proof that the victim (*i.e.*, the person being transported) is a minor; section 2421 requires proof that the victim is a woman or girl. Thus the *Blockburger* rule, if it were the only controlling principle, would appear to permit double convictions and cumulative sentencing for a single transportation of an adult and minor woman: the section 2423 conviction would require proof of the age but not the gender of the victim, while the section 2421 conviction would require proof of the gender but not the age of the victim.

Indeed, the *Blockburger* rule would, standing alone, appear to permit double convictions and cumulative sentencing for a single transportation of a lone minor female. As in the previous example, the section 2423 conviction would require proof of the age but not the gender of the victim, while the section 2421 conviction would require proof of the gender but not the age of the victim. ·

Moreover, the principles of the Double Jeopardy Clause embodied in the *Blockburger* rule, standing alone, would appear to permit double convictions and cumulative sentencing for a single act of transporting two women in violation of section 2421: the first conviction would require proof of transporting one of the victims but not the other, and the second conviction would require proof of transporting the victim not relied on for the first conviction. Of course, *Bell* prohibits this outcome.

It follows, then, that *Blockburger* does not always control the statutory construction issue. In *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), the Supreme Court decided it "need not reach the [*Blockburger*] issue" because the threshold question is "whether Congress intended to subject the defendant to multiple penalties for the single criminal transaction in which he engaged." 435 U.S. at 11–12, 98 S.Ct. at 913. We do not believe the *Blockburger* rule controls the statutory construction issue in this case. Our task, as we see it, is to determine whether Congress intended to permit multi-

ple convictions for the simultaneous transportation of a mixed group of adults and minors across state lines for the purpose of prostitution.

## III.

A review of the two statutes indicates that by enacting both section 2421 and 2423 Congress intended to create two separate crimes for which separate convictions could result from a single act of transporting a mixed group of minors and adults. The present text of section 2423 derives from section 3(a) of the Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. 95–225, 92 Stat. 7. The legislative history of this Act discloses that Congress determined that increasing sexual exploitation of minors, both male and female, for commercial gain required "several voids in current federal law" to be filled. Senate Rep. No. 95–438 *reprinted* in 1978 U.S. CODE CONG. & AD.NEWS at 40. Although the legislation is directed primarily at child pornography, the Senate Committee "found a close connection between child pornography and the equally outrageous use of young children as prostitutes." *Id.* at 44. To enhance the efforts of federal prosecutors to combat child pornography and prostitution, Congress amended Section 2423 to prohibit the interstate transportation of minors, both male and female, for purposes of commercial exploitation of sex. The Act retained the prior prohibition against interstate transportation of minors for prostitution, but this prohibition was amended to apply to the transportation of young men as well as young women.

■ The legislative history of section 2423 clearly demonstrates that it was intended to reach conduct wholly distinct from that contemplated by section 2421, the general "white slavery" statute. Section 2423 is designed to curtail the sexual exploitation of children, especially in pornography, and the prostitution provision is in aid of this larger goal of preventing children from becoming entangled in the burgeoning sex industry. That Congress included commercial exploitation as well as pornography in section 2423, and included young men in the class of victims, convinces us that Congress intended to permit separate convictions for violations of sections 2423 and 2421 in a single act of transportation. The sexual exploitation of children is perceived by Congress as a separate evil from the transportation of adult women for the purposes of prostitution. That Congressional conclusion is best given effect by permitting convictions under both sections 2423 and 2421 for the simultaneous transportation of a mixed group of adults and minors.

## IV.

The preceding discussion addresses only the intent of Congress regarding multiple convictions for a single act of transportation. In this rather unusual statutory scheme, the question of permissible punishment may be viewed as distinct from the question of the permissible units of prosecution and conviction.

Although the government argues that cumulative punishment or consecutive sentencing is permissible in this case, the question of Congress' intent regarding punishment is not raised by the facts of the case. The District Court ordered the sentences to be served concurrently and the defendant thus received a total sentence of 10 years, which is permissible for a single conviction of section 2423. We therefore need not address, and expressly reserve, the question whether Congress intended to permit consecutive sentences for violations of sections 2421 and 2423 arising from a single act of transportation.[3]

---

**3.** The maximum penalty for a violation of section 2423 is 10 years and a fine of $10,000. The maximum penalty for a violation of section 2421 is 5 years and a fine of $5,000. It is possible that Congress would have us permit separate convictions for a single act of transportation of a minor and an adult but impose as the maximum penalty for the two convictions the penalty established by section 2423 in view of the anomalous results that might otherwise occur.

### V.

Defendant raises two other issues on appeal regarding the District Court's questioning of a witness and its instructions to the jury. We have considered defendant's arguments on these points and find them to be without merit.

Accordingly, the sentences imposed on two of the three section 2421 violations are vacated and the three convictions are merged into one. In all other respects, the judgment of the District Court is affirmed.

Defendant points out that allowing cumulative sentencing would result in the maximum penalty of 15 years for simultaneously transporting an adult and minor (10 years for section 2423 plus 5 years for section 2421) but only 10 years for simultaneously transporting two or more minors (assuming *Bell* applies with equal force to section 2423). Or a prosecutor intent on obtaining the maximum penalty for the simultaneous transportation of two or more minors could obtain a section 2423 conviction as to one of the minors, by presenting proof of age, and obtain a section 2421 conviction as to the other minor or minors, by presenting proof of female gender. Since the sentences in the instant case are concurrent, the question is not before us.