**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph Emmanuel WILLIAMS,**
**Defendant–Appellant.**

No. 89-8643.

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 1991.

C. Gordon Statham, Decatur, Ga., for defendant-appellant.

Robert L. Barr, Jr., U.S. Atty., Janet F. King, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Appellant Joseph Emmanuel Williams appeals his conviction and sentencing for drug-related offenses. We affirm

Williams's conviction but vacate his sentence and remand for resentencing.

## I. BACKGROUND

Williams participated with others in a scheme to transform cocaine into crack and transport the crack from Miami to Fort Walton Beach, Florida. At Williams's request, a young lady who told Williams she was nineteen but who was actually sixteen assisted in carrying the crack. The plot fell apart when three of Williams's co-conspirators were arrested at the Atlanta airport. Williams was later arrested at a hotel in Fort Walton Beach.

Williams was indicted on three counts. Count I alleged a conspiracy to possess with intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. § 846. Count II alleged Williams aided and abetted others in possessing with the intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. § 841. Count III alleged Williams knowingly employed a minor in the commission of a drug offense in violation of 21 U.S.C. § 845b. A jury found Williams guilty on all three counts.

After his trial, the government obtained an immunity order compelling Williams's testimony at a co-conspirator's trial. Williams refused to comply with the order. The district court found him guilty of criminal contempt and sentenced him to six months in prison. Later, when Williams was sentenced for the cocaine convictions, the district court found that Williams's refusal to testify constituted obstruction of justice justifying an increase in the offense level by two points. The court sentenced Williams to 235 months in prison, to be followed by four years of supervised release.

## II. CONTENTIONS

Williams makes two arguments on appeal that merit discussion.[1] First, he argues that because he did not know the minor whom he asked to help transport the crack was under eighteen, he did not *knowingly* employ a minor in the commission of a drug offense under 21 U.S.C. § 845b. Second, Williams claims that since he had already received a six-month jail term for contempt of court, it was improper for the district court also to enhance his sentence because of the same conduct that resulted in the contempt conviction.

## III. ISSUES ON APPEAL

We must decide first whether 21 U.S.C. § 845b requires actual knowledge that the person employed by the defendant in the commission of a drug offense is under eighteen.[2] Second, we must decide whether the district court correctly enhanced Williams's sentence because he obstructed justice when the court had already sentenced him for contempt of court.

## IV. DISCUSSION

### A. *21 U.S.C. § 845b*

■ 21 U.S.C. § 845b makes it unlawful for any person at least eighteen years of age to "knowingly and intentionally … employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age" in the commission of a drug offense. 21 U.S.C.A. § 845b (West Supp.1990). No Eleventh Circuit case defines the knowledge requirement of this statute. We have, however, interpreted the knowledge requirement of a very similar statute.

In *United States v. Pruitt,* 763 F.2d 1256 (11th Cir.1985), *cert. denied,* 474 U.S. 1084, 106 S.Ct. 856, 88 L.Ed.2d 896 (1986), we addressed the knowledge requirement contained in 21 U.S.C. § 845, which makes it unlawful to distribute controlled substances to persons under twenty-one. We rejected the argument that "knowledge of the age of the recipient … was an essential element of the crime.…" *Id.* at 1261. We held instead that the prosecution need not prove that the distributor knew the

---

**1.** Williams makes other arguments that are meritless.

**2.** There is some question about whether this issue was preserved for review on appeal. The government does not argue that the issue was not preserved.

recipient of the drugs was under twenty-one. *Id.* at 1262. Other courts have reached the same conclusion in interpreting section 845b. *See United States v. Valencia–Roldan,* 893 F.2d 1080, 1083 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 2181, 109 L.Ed.2d 509 (1990) (section 845b does not require the government to prove defendant knew person employed was under eighteen); *United States v. Carter,* 854 F.2d 1102, 1109 (8th Cir.1988) (same).

Section 845b's knowledge requirement pertains instead to knowingly *employing* a person in the commission of a drug offense; it does not pertain to knowledge that the person employed is under eighteen. Our interpretation of the knowing requirement is supported by case law interpreting other federal criminal statutes. The White Slave Traffic Act, 18 U.S.C. § 2421 *et seq.,* provides enhanced penalties for the knowing transportation for immoral purposes, for example, prostitution, of persons under eighteen. The knowing requirement applies to the transportation, not the victim's age. *United States v. Hamilton,* 456 F.2d 171, 173 (3d Cir.), *cert. denied,* 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335 (1972). 21 U.S.C. § 845a(a) provides enhanced penalties for those convicted of distributing drugs within 1000 feet of a school. This statute has been interpreted to mean that the defendant must knowingly distribute the drugs, but the government need not prove he was aware that he was within 1000 feet of a school. *United States v. Falu,* 776 F.2d 46, 50 (9th Cir.1985). 18 U.S.C. § 2315 prohibits the knowing receipt of stolen goods moving in interstate commerce. The defendant must have knowingly received the goods; he need not know that the goods were moving in interstate commerce. *Hamilton,* 456 F.2d at 173; *Pugliano v. United States,* 348 F.2d 902, 903 (1st Cir.), *cert. denied,* 382 U.S. 939, 86 S.Ct. 390, 15 L.Ed.2d 349 (1965). Similarly, the Dyer Act, 18 U.S.C. § 2313, forbids the knowing receipt of stolen cars transported in interstate commerce. The government must prove only the defendant's knowledge that the cars are stolen, not that the cars have been transported in interstate commerce. *United States v. Bolin,* 423 F.2d 834, 836–37 (9th Cir.), *cert. denied,* 398 U.S. 954, 90 S.Ct. 1882, 26 L.Ed.2d 297 (1970); *Pilgrim v. United States,* 266 F.2d 486, 488 (5th Cir.1959).[3]

Our interpretation of section 845b could not be otherwise. To rule that the prosecution must prove the defendant's knowledge that the minor employed is under eighteen would be to "permit drug dealers to close their eyes as to the age of the minors who become part of the operation, without fear of reprisal." *Carter,* 854 F.2d at 1109. We therefore hold that section 845b requires that the government prove the defendant knowingly employed a person in the commission of a drug offense and that the person employed was under eighteen when employed. The statute does not require, however, that the government prove that the defendant knew that the person employed was under eighteen, and consequently we reject Williams's challenge to his conviction on this basis.

## B. *Sentencing*

■ The district court enhanced Williams's sentence because he obstructed justice even though Williams had already been convicted of contempt and sentenced to six months in jail for the same conduct. The United States Sentencing Guidelines (U.S.S.G.) do not permit this result. We will therefore vacate Williams's sentence and remand for resentencing.

U.S.S.G. § 3C1.1 allows a two-point enhancement for obstructing or impeding the administration of justice. Williams's refusal to testify at a co-conspirator's trial after an immunity order had been issued clearly constituted conduct within this section. But application note 6 to section 3C1.1 states, "[w]here the defendant is convicted for an offense covered by § 2J1.1 (Contempt) ... this adjustment is not to be applied to the offense level for that offense

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

except where a significant further obstruction occurred...."[4] Williams had already been sentenced for contempt; to permit him to be sentenced again for the same conduct would violate the plain language of the guidelines. Consequently, we hold that Williams should not have received a two-point adjustment for obstruction of justice.

## V. CONCLUSION

We AFFIRM Williams's convictions, but VACATE his sentence and REMAND for resentencing.

Walter R. McDaniel, Clio, Ala., pro se.

James Eldon Wilson, U.S. Atty., John T. Harmon, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

---

**4.** We recognize that the commentary to the guidelines, which includes the application notes, does not have the force of law. Rather, the commentary may serve as an aid in interpreting a guidelines provision, as the legal equivalent of a policy statement, or as the equivalent of legislative history. *See* U.S.S.G. § 1B1.7. The guidelines specifically sanction the use of the commentary in interpreting guidelines provisions. Failure of the trial judge to follow the commentary "could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal." *Id.*