9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard YORK and Anthony M. Mosley, Defendants-Appellants.
 Nos. 92-3800, 92-3801.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 Before: KEITH and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendants-Appellants, Bernard York ("York") and Anthony M. Mosley ("Mosley"), appeal their convictions and sentences for transporting two minors in interstate commerce to engage in prostitution, in violation of 18 U.S.C. Sec. 2423, and for transporting two individuals in interstate commerce to engage in prostitution, in violation of 18 U.S.C. Sec. 2421. For the reasons stated below, we AFFIRM in part and REVERSE in part the judgment of the district court.
 
 I.
 
 2
 In December of 1990, two fifteen-year-old girls (hereinafter "Individuals A and B"), were in the custody of the United Methodist Children's Home in Worthington, Ohio. On December 11, 1990, the girls ran away from the children's home while on a trip to the grocery store, planning to travel to Individual B's home in Dayton, Ohio, and then to Texas. After leaving the grocery store, they telephoned a friend of Individual A's, who came to get them and drove them to his apartment in Columbus, Ohio. While at this apartment, the girls decided to go for a walk. While out walking, they eventually met Appellant Mosley at an after-hours bar and he persuaded them to come to his apartment.
 
 
 3
 Mosley promised the girls he would take them to Dayton the next day. However, the following morning Mosley convinced the girls to work as prostitutes on the streets of Columbus, telling them to charge between $50 and $60 for performing acts of sexual intercourse and fellatio. The girls gave all of the money they made from prostitution to Mosley.
 
 
 4
 Mosley later introduced the girls to York, who along with Mosley and an adult prostitute, drove the girls to Washington, D.C. in York's car. When they arrived in Washington, Mosley and York showed the girls a street known as "the track," where prostitutes in Washington frequently solicit customers. They then took the girls to a clothing store and bought them zebra-print tube tops and miniskirts. The girls were told to change into their new clothes and were instructed how to work as prostitutes on the streets of Washington. The girls gave Mosley all of the money they made from prostitution. During the time when the girls were working the streets of Washington as prostitutes, York and Mosley were staying in the same hotel, along with the girls and the adult prostitute. While in Washington, the girls worked as prostitutes for Mosley and the adult prostitute worked for York.
 
 
 5
 Individual A worked as a prostitute in Washington for two to three days. After being raped by one of her customers, she turned herself into the Washington police, who sent her back to Columbus. A day later, on the evening of December 19, 1990, Individual B was picked up by the Maryland State Police, who found her walking on the Beltway outside of Washington. She asked the Maryland police to telephone Mosley so he could bring her some clothes and pick her up. However, when Mosley arrived at the police station to pick her up, the police would not release her. Instead, the Maryland police arranged for Individual B to be sent back to Ohio.
 
 
 6
 On January 30, 1992, York and Mosley were named in a four (4) count indictment. They were each charged with two (2) counts of transporting a minor in interstate commerce for the purpose of prostitution, and with two (2) counts of transporting an individual in interstate commerce for the purpose of prostitution.
 
 
 7
 On March 30, 1992, the Appellants were tried before a jury on the counts set forth in the indictment. The jury returned a verdict of guilty on each count. Mosley was sentenced to eighty-seven (87) months imprisonment on counts one and two and sixty (60) months imprisonment on counts three and four, to run concurrently. York received an identical sentence. Both appellants filed timely Notices of Appeal. They each raise several issues challenging their convictions and sentences. These issues are discussed seriatiam below.
 
 II.
 
 8
 Mosley and York appeal the district court's denial of their motion to require the government to make an election with respect to the alleged multiplicity of the offenses charged in the Indictment. The government, however, contends that the Appellants waived their right to raise this issue on appeal because they filed their joint motion to require an election "nearly one month after the motions deadline set by the district court pursuant to Federal Rule of Criminal Procedure 12(c)." (Government's Brief at 7). We disagree.
 
 
 9
 In United States v. Rosenburger, 536 F.2d 715 (6th Cir.1976), cert. denied, 431 U.S. 965 (1977), this Court held:
 
 
 10
 Rule 12 applies only to objections with regard to the error in the indictment itself; the effect of Rule 12 is that dismissal of a multiplicitous indictment is not required; however, if sentences are imposed on each count of that multiplicitous indictment the defendant is not forced to serve the erroneous sentence because of any waiver.
 
 
 11
 Id. at 722 (emphasis added). Mosley and York were named in a four (4) count indictment, charging them each with two (2) counts of transporting a minor in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. Sec. 2423, and with two (2) counts of transporting an individual in interstate commerce for the purpose of prostitution, in violation of 18 U.S.C. Sec. 2421. The Appellants were sentenced on each count of the Indictment which they contend unconstitutionally charged them with "multiplicitous" offenses. Therefore, Rule 12 does not bar the Appellants from challenging the Indictment on appeal, regardless of whether they failed to properly raise this issue below.
 
 
 12
 The Appellants make two arguments in support of their position that the court erred by failing to require the government to make an election. We address each of these arguments below.
 
 A.
 
 13
 First, Mosley and York allege that the jury's determination that they transported Individuals A and B from Columbus to Washington to engage in prostitution constitutes a single offense. They rely on United States v. Bell, 349 U.S. 81 (1955), as support for this argument. In Bell, the Supreme Court held that the simultaneous transportation of more than one woman in interstate commerce to engage in prostitution amounted to a single offense under the Mann Act, 18 U.S.C. Sec. 2421. Id. See also United States v. Parr, 741 F.2d 878, 880 (6th Cir.1984). As noted above, each Appellant was charged, convicted and sentenced on four counts, each of which related to the simultaneous transportation of Individuals A and B from Columbus to Washington to engage in prostitution. Their convictions and sentences on four separate counts rather than one count under Sec. 2421 and one count under Sec. 2423, is in direct contradiction to the rule established in Bell. Accordingly, we reverse and remand for the district court to reverse the Appellants convictions to the extent that they are inconsistent with Bell.
 
 B.
 
 14
 Mosley and York's second contention regarding the "multiplicitous" offenses charged in the Indictment relates to the government's decision to charge them with violation of both 18 U.S.C. Sec. 2421 and 18 U.S.C. Sec. 2423. The Appellants argue that the court erred in failing to require the government to elect either 18 U.S.C. Sec. 2421 or 18 U.S.C. Sec. 2423 to pursue at trial.
 
 
 15
 In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court established a rule for determining whether two distinct statutory offenses are, in fact, multiplicitous:
 
 
 16
 The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
 
 
 17
 Id. at 304. In United States v. Parr, 741 F.2d 878 (6th Cir.1984), this Court applied the Blockburger rule to 18 U.S.C. Sec. 2421 and 18 U.S.C. Sec. 2423:
 
 
 18
 It is clear that section 2421 and 2423 each requires proof of an additional fact which the other does not. Section 2423 requires proof that the victim (i.e., the person being transported) is a minor; section 2421 requires proof that the victim is a woman or girl.
 
 
 19
 Id. at 880. It is important to note that Parr was decided in 1984. However, in 1986 both Sections 2421 and 2423 were amended. The Appellants were convicted under the 1987 amended version of these statutes. Therefore, we must apply the Blockburger rule to the 1986 amended versions of Sections 2421 and 2423.
 
 
 20
 Title 18 U.S.C. Sec. 2421, as amended in 1986, provides as follows:
 
 Transportation generally
 
 21
 Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title or imprisoned not more than five years, or both.
 
 
 22
 Title 18 U.S.C. Sec. 2423, as amended in 1986, provides as follows:
 
 Transportation of minors
 
 23
 Whoever knowingly transports any individual under the age of 18 years in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title or imprisoned not more than ten years, or both.
 
 
 24
 Applying the Blockburger rule to the amended versions of Sections 2421 and 2423 it is clear that these statutes do not each require "proof of an additional fact which the other does not," as did the pre-1986 versions of these statutes. Blockburger, 284 U.S. at 304. With the exception of the different sentences imposed by the two statutes and Section 2423's requirement that the individual transported be "under the age of 18 years," these statutes are identical. Therefore, the court erred by not requiring the government to make an election between Sections 2421 and 2423, as required by Blockburger. For the reasons stated above, we remand for the district court to conduct proceedings consistent with Blockburger.
 
 III.
 
 25
 Mosley contends that the government's use of evidence that he groomed the girls to be prostitutes was "other act" evidence, admitted in violation of Federal Rule of Evidence 404(b). Rule 404(b) provides:
 
 
 26
 Other crimes, wrongs, or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.
 
 
 27
 At trial, the district court ruled that testimony regarding Mosley's grooming of the girls to be prostitutes was not "other act" evidence. In overruling Mosley's objection, the court stated that "evidence that (Mosley) began inducing these girls to engage (sic) prostitution in Columbus is evidence of a motive he had and then transporting them to Washington, D.C. ..." (TR. 21). The court concluded that this evidence was "relevant to determining a motive and intent of these defendants...." (TR. 19).
 
 
 28
 In United States v. Ushery, 968 F.2d 575, 580 (6th Cir.1992), cert. denied, 113 S.Ct. 392 (1992), this Court held that "Rule 404(b) only bars evidence of 'prior bad acts,' ... that are offered to show criminal disposition or propensity. If the evidence has an independent purpose, its admission is not prohibited by Rule 404(b)." Here, just as in Ushery, the evidence at issue was offered to show that there was a plan or an intent to engage in criminal activity. Accordingly, we find no error in the district court's ruling admitting evidence that Mosley groomed Individuals A and B for the purpose of prostitution.
 
 IV.
 
 29
 Mosley and York appeal the district court's denial of their motion for a mistrial based on the testimony of Columbus Police Detective Cathy L. Jester. The government called Jester as a witness to describe for the jury the photographs used in the investigation of this case. At one point during Jester's testimony, she stated that Mosley's photograph came from the Columbus Police Department, and that the photograph of York was from the Cleveland Police Department. Appellants' counsel made timely objections to Lester's testimony regarding the source of the pictures. The district court sustained their objections and gave cautionary instructions to the jury.
 
 
 30
 Appellants contend that Jester's statements were prejudicial in that the jury became aware that they both had prior arrests. Despite the court's ruling and cautionary instructions regarding Jester's testimony, Mosley and York argue that the admission of this evidence denied them their right to a fair trial.
 
 
 31
 We think the district court was correct in sustaining the objections to Jester's testimony regarding the source of the photographs. We also agree with the district court's decision to give a cautionary instruction to the jury regarding this testimony. Given the district court's cautionary instructions to the jury, we think the error arising from Jester's testimony was harmless. See Fed.R.Crim.P. 52(A); United States v. Feinman, 930 F.2d 495, 498 (6th Cir.1991).
 
 V.
 
 32
 Mosley and York appeal the district court's denial of their motions for judgment of acquittal and also argue that their convictions are against the manifest weight of the evidence. The Appellants essentially argue that the government presented insufficient evidence at trial to support their convictions for intent to transport Individuals A and B from Columbus to Washington to engage in prostitution.
 
 
 33
 We review the district court's denial of the Appellants' motions for judgment of acquittal based on the standard articulated in United States v. Adamo, 742 F.2d 927 (6th Cir.1984), cert. denied, Freeman v. United States, 469 U.S. 1193 (1985):
 
 
 34
 It is well established that a trial judge confronted with a Rule 29 motion must consider all of the evidence in a light most favorable to the government and grant the motion when it appears to the Court that the evidence is insufficient to sustain a conviction.
 
 
 35
 Id. at 932. The standard this Court uses in evaluating the Appellants' sufficiency of the evidence argument is stated in United States v. Frost, 914 F.2d 756 (6th Cir.1990):
 
 
 36
 When reviewing claims of insufficient evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
 
 
 37
 Id. at 762.
 
 
 38
 The government's evidence revealed that the Appellants showed the girls where prostitutes in Washington solicit their customers and instructed them how to work as prostitutes. The government also presented evidence showing that the Appellants took the girls to a clothing store and bought them clothes to wear for working as prostitutes, and that the girls stayed at the same hotel as the Appellants.
 
 
 39
 We find no error in the district court's decision denying the Appellants' motions for judgment of acquittal. We also find that there was substantial evidence presented at the trial to support the Appellants' convictions.
 
 VI.
 
 40
 Mosley requested that the district court instruct the jury that a reasonable mistake regarding the age of Individual A and B would constitute a defense to the charges that he knowingly transported minors in interstate commerce to engage in prostitution. See 18 U.S.C. Sec. 2421. Mosley appeals the district court's refusal to grant such an instruction.
 
 
 41
 The law in this Circuit regarding a trial court's refusal to give a defendant's proposed jury instructions is stated in United States v. Williams, 952 F.2d 1504 (6th Cir.1991):
 
 
 42
 A district court's refusal to deliver a requested instruction is reversible only if that instruction is (1) a correct statement of the law, (2) not substantially covered by the charge actually delivered to the jury, and (3) concerns a point so important in the trial that the failure to give it substantially impairs the defendant's defense.
 
 
 43
 Id. at 1512.
 
 
 44
 The district court determined that Mosley's proposed jury instruction regarding mistake of age was an incorrect statement of the law. The court refused to give Mosley's instruction because the knowing requirement of 18 U.S.C. Sec. 2421 applies to the element of the offense which requires proof of transportation for the purpose of prostitution, not the age of the minor. See United States v. Williams, 922 F.2d 737, 739 (11th Cir.), cert. denied, 112 S.Ct. 258 (1991); United States v. Hamilton, 456 F.2d 171, 173 (3d Cir.), cert. denied, 406 U.S. 947 (1972). Therefore, the district court correctly refused to give Mosley's proposed jury instructions.
 
 VII.
 
 45
 Finally, we address York's contention that the district court erred in its determination that he was not a minor participant in the transportation of Individuals A and B from Columbus to Washington to engage in prostitution. York argues that he should have been sentenced as a minor participant because he was less culpable than Mosley.
 
 
 46
 In United States v. Sims, 975 F.2d 1225 (6th Cir.1992), cert. denied, Gardner v. United States, 113 S.Ct. 1315 (1993), this Court stated that a "district court's determination as to role in an offense is a finding that is 'heavily dependent on the facts,' and the defendant has the burden of proving such mitigating factors by a preponderance of the evidence." Id. at 1242, citing United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990). We review a sentencing court's determination as to a defendant's role in an offense for clear error. See 18 U.S.C. Sec. 3742(c).
 
 
 47
 In determining York's role in the offense, the district court stated:
 
 
 48
 The Court did hear the evidence in this case and the Court has now had the benefit of the Presentence Investigation Report as well justified in its conclusion and (sic) Mr. York was indeed very much aware of the purpose for transporting these two young women to Washington, D.C. to engage in prostitution and the Court believes that act of transportation was crucial to the consummation of this crime and apparently, Mr. Mosley wasn't in a position to arrange that transportation without Mr. York.
 
 
 49
 ....
 
 
 50
 So the Court feels that the circumstances in this case clearly indicate that the defendant was a knowing and willing participate (sic) and provided the essential transportation and don (sic) this basis the Court cannot find that he was a minor participant.
 
 
 51
 (Sentencing Hearing; TR. at 9-10). Our review of the record indicates that the district court's ruling on York's role in the offense is supported by the evidence presented at trial. Moreover, York presents no evidence which provides a basis for this Court to overrule the district court's determination regarding his role in the offense. Therefore, we affirm the district court's decision refusing to sentence York as a minor participant for his role in this case.
 
 VIII.
 
 52
 For the reasons stated above, we AFFIRM in part and REVERSE in part the decision of the district court and remand for proceedings consistent with this opinion.