**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James E. PERRY, Defendant–Appellant.**

No. 93–5743.

United States Court of Appeals,
Sixth Circuit.

Submitted March 14, 1994.

Decided July 27, 1994.

---

Kenneth Taylor, Asst. U.S. Atty. (briefed), Lexington, KY, for plaintiff-appellee.

Michael S. Endicott (briefed), Paintsville, KY, for defendant-appellant.

Before: KEITH and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*

JOINER, Senior District Judge, delivered the opinion of the court, in which KEITH, Circuit Judge, joined. BATCHELDER, Circuit Judge (pp. 712–14), delivered a separate dissenting opinion.

JOINER, Senior District Judge.

Defendant James Perry appeals the sentence imposed following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a), contending that the district court impermissibly enhanced his base offense level for the robbery offense by two points for obstruction of justice. Specifically, Perry contends that he has been punished twice for the same conduct, because he was also held in contempt and sentenced to a consecutive term of six months for the conduct on which the court relied in imposing the obstruction of justice enhancement. We conclude that the district court should not have imposed the obstruction of justice enhancement in light of the independent sentence imposed for contempt, and consequently remand for resentencing.

## I.

This is Perry's second appeal in this case, and the pertinent facts are set forth in this court's prior opinion. *United States v. Perry*, 991 F.2d 304 (6th Cir.1993). Briefly, a branch of the Pikeville National Bank was robbed by a man described as having dark hair and a mustache and wearing a grey suit. A teller later identified Perry from a photo array. Perry subsequently appeared before the district court on a pretrial motion sporting a full beard. The court ordered Perry to shave in advance of trial, but Perry did not comply. As a result, the teller was unable to

identify Perry at trial, although there was other evidence linking Perry to the crime.

While the jury was deliberating, the court conducted a contempt hearing, and concluded that Perry had committed an act of contempt by refusing to comply with its order to appear clean shaven at trial, and concluded further that this act had obstructed the court by necessitating further proofs at the trial. The court sentenced Perry to a six-month term for contempt, to be served consecutively to any term imposed for bank robbery. The jury returned shortly thereafter with a guilty verdict on the robbery charge.

The district court enhanced Perry's robbery offense level by two levels for obstruction of justice, relying on three independent grounds, one of which was Perry's failure to appear clean shaven at trial. As enhanced, Perry's total offense level was 27, with a resulting sentencing range of 78 to 97 months. The court imposed a 97-month sentence. Without the obstruction of justice enhancement, Perry's offense level would have been 25, with a resulting range of 63 to 78 months. Thus, Perry's refusal to shave resulted in an additional 25 months in prison, the six-month contempt term, plus the 19-month differential between the maximums of the two potentially applicable ranges.

On appeal, this court found that two of the three grounds upon which the district court relied to impose the obstruction of justice enhancement were not valid.

> As to the first ground, the refusal to appear at trial clean shaven may warrant the enhancement. Perry attempted to disguise himself behind a full-grown beard and succeeded in part—the bank teller was unable to positively identify him in court. Although this had minimal evidentiary impact on the case because other evidence linked Perry to the crime, it is nonetheless an attempt to obstruct the prosecution of the case.

*Perry*, 991 F.2d at 312. This court vacated Perry's sentence, instructing the district court to consider whether the failure to ap-

---

* The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michi-    gan, sitting by designation.

pear clean shaven at trial alone was sufficient to justify the enhancement.

On remand, Perry challenged the obstruction of justice enhancement because the failure to appear clean shaven had "minimal evidentiary impact" and because the jury instructions cured any problem that resulted. As to these objections, abandoned on this appeal, the district court properly noted that the enhancement can be imposed for an *attempt* to obstruct justice. Perry also challenged the enhancement on the ground that the court had held him in contempt for the very same conduct. The court responded, stating: "And regardless of whether he obeyed my Order to shave or not, which is another matter, the fact is, that he grew the beard in an attempt to hinder the prosecution, to make it difficult to identify him." The court concluded that Perry's failure to appear clean shaven was sufficient in itself to impose the obstruction of justice enhancement, a finding which Perry does not challenge in this court.

## II.

On appeal, Perry reiterates the argument he advanced in the district court that his failure to shave should not have been counted twice in imposing punishment, and, consequently, that his base offense level improperly was enhanced by two levels for obstruction of justice.

At the outset, we address the government's argument that Perry was not sentenced twice for the same conduct, but was punished through the obstruction of justice enhancement for the growing of his beard, and separately through the contempt conviction, for the distinct act of refusing to shave his beard. This argument overlooks the reality that the court's order to shave was designed to address the risk that in-court identification would be hampered by Perry's beard. Likewise, the obstruction of justice enhancement was imposed based on a finding that Perry intended to impede the administration of justice by appearing at trial with a beard. Whether Perry grew a beard in advance of trial would have been wholly irrelevant if he had shaved it prior to trial, pursuant to court order or not. To draw a distinc-

tion between the growing of the beard and the refusal to shave as justifying separate and cumulative punishments overlooks the fact that it was simply Perry's appearance at trial wearing a beard that resulted in the punishment.

Moreover, despite advancing this argument, the government commendably concedes that there is an issue as to whether Perry's sentences for his contempt and bank robbery convictions should have been calculated pursuant to U.S.S.G. § 3C1.1, a point on which we agree, and conclude necessitates resentencing. Guideline § 3C1.1 provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Comment 6 to this guideline states:

> Where the defendant is convicted for an offense covered by § 2J1.1 (Contempt), § 2J1.2 (Obstruction of Justice), § 2J1.3 (Perjury or Subornation of Perjury), § 2J1.5 (Failure to Appear by Material Witness), § 2J1.6 (Failure to Appear by Defendant), § 2J1.8 (Bribery of Witness), or § 2J1.9 (Payment to Witness), this adjustment is not to be applied to the offense level for that offense except where a significant further obstruction occurred during the investigation or prosecution of the obstruction offense itself (*e.g.*, where the defendant threatened a witness during the course of the prosecution for the obstruction offense). *Where the defendant is convicted both of the obstruction offense and the underlying offense, the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2 (Groups of Closely–Related Counts).* The offense level for that group of closely-related counts will be the offense level for the underlying offense increased by the 2–level adjustment specified by this section, *or* the offense level for the obstruction offense, *whichever is greater.*

U.S.S.G. § 3C1.1, comment. (n.6) (emphasis added). "[C]ommentary in the Guidelines Manual that interprets or explains a guide-

line is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, the guideline." *Stinson v. United States,* — U.S. —, —, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

It is the latter part of comment 6 which applies to the situation is this case, where the defendant has been convicted of both an underlying offense and an obstruction offense. The underlying offense is the offense for which the sentence is sought to be enhanced for obstruction of justice. *United States v. Winn,* 948 F.2d 145, 161–62 (5th Cir.1991) (grouping required for underlying kidnapping offense and perjury offense), *cert. denied,* — U.S. —, 112 S.Ct. 1599, 118 L.Ed.2d 313 (1992); *United States v. Williams,* 935 F.2d 1531 (8th Cir.1991) (grouping of underlying fraud offense with jury tampering offense), *cert. denied,* — U.S. —, 112 S.Ct. 1189, 117 L.Ed.2d 431 (1992). In this case, the underlying offense is bank robbery, and the obstruction offense, which embraces the several described offenses in the first part of comment 6, is contempt.

Comment 6 instructs that the court first must group the underlying and obstruction offenses. Grouping comports not just with comment 6, but with the guideline referenced therein, U.S.S.G. § 3D1.2(c), which provides that counts should be grouped when one of the counts "embodies conduct that is treated as a specific offense characteristic in, *or other adjustment to,* the guideline applicable to another of the counts."[1] (Emphasis added.)

In grouping the counts, the court is to apply the highest offense level applicable to the offenses in the group. U.S.S.G. § 3D1.3(a). Pursuant to comment 6 to § 3C1.1, the court is then to enhance that offense level by two for obstruction of justice, and compare the resulting total offense level with the offense level for the obstruction offense. The greater of the two total offense levels is to be applied. This approach prevents double-counting of the same conduct in imposing sentence. *United States v. Lincoln,* 956 F.2d 1465, 1470–72 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 259, 121 L.Ed.2d 190 (1992). *Accord Winn,* 948 F.2d at 161–62. Note 6 is thus consistent with the policy underlying the prohibition against double-counting conduct in the application of multiple guideline provisions. *United States v. Romano,* 970 F.2d 164, 166–67 (6th Cir. 1992).

In this case, comment 6 required the district court to group the contempt and bank robbery counts and compute the offense level for those offenses, and then enhance that offense level by two points for obstruction of justice. Comment 6 then required the court to compare that offense level to the base offense level for criminal contempt alone. Guideline § 2J1.1, applicable to contempt, does not set forth a uniform base offense level because of significant differences in the circumstances in which contemptuous conduct occurs, but refers instead to the offense levels applicable to the crime of obstruction of justice, the highest of which is 15 when no personal injury or property damage is involved. U.S.S.G. § 2J1.2 (1991). Based on this, there is no question but that the enhanced offense level for the underlying offense, 27, was higher than that for contempt. Comment 6 thus required the court to sentence Perry based on this offense level.

The district court calculated Perry's robbery offense level (as enhanced for obstruction of justice) at 27, and sentenced Perry to 97 months, the maximum term in the resulting range. The difficulty with this otherwise correct sentence is that it operated to impermissibly double-count Perry's refusal to appear clean shaven at trial, in light of the

---

1. Comment 5 to § 3D1.2 explains the operation of the guideline, stating:

    [W]hen conduct that represents a separate count, *e.g.,* bodily injury or *obstruction of justice,* is also a specific offense characteristic in or other adjustment to another count, the count represented by that conduct is to be grouped with the count to which it constitutes an aggravating factor.... [A] count such as obstruction of justice, which represents a Chapter Three adjustment and involves a different harm or societal interest than the underlying offense, is covered by subsection (c) even though it is not covered by subsection (a). U.S.S.G. § 3D1.2, comment. (n.5) (1991) (emphasis added). *Accord* U.S.S.G. § 2J1.3, comment. (n.3) (1991).

court's previous imposition of the six-month contempt sentence. In an identical situation, the court in *United States v. Williams,* 922 F.2d 737, 739–40 (11th Cir.), *cert. denied,* ─── U.S. ───, 112 S.Ct. 258, 116 L.Ed.2d 212 (1991), held that the defendant's offense level for the underlying drug conviction could not be enhanced for obstruction of justice because he previously had been sentenced to a six-month term for contempt based on the very same conduct. We conclude, as did the court in *Williams,* that Perry's contemptuous conduct may not serve as the basis for both an obstruction of justice enhancement and a contempt sentence, and that such a sentence constitutes impermissible double-counting. Having already sentenced Perry for contempt, it was not appropriate for the court to enhance the sentence for the underlying offense based on the same conduct involved in the contempt. Thus, under the particular facts of this case, we must direct the court on remand to resentence Perry without the obstruction of justice enhancement. However, we caution that in future cases, such a remedy will not be necessary if the court refrains from imposing a separate contempt sentence for the same conduct relied upon to justify an obstruction enhancement, rather than calculating the defendant's sentence pursuant to the method prescribed in comment 6 to U.S.S.G. § 3C1.1.

Accordingly, we **VACATE** Perry's sentence and **REMAND** this case for **RESENTENCING** consistent with this opinion.

BATCHELDER, Circuit Judge, dissenting.

Because I have a fundamental disagreement with the majority's analysis, I must respectfully dissent.

I first address the majority's determination that the district court's decision to enhance Perry's sentence for attempting to obstruct justice by growing the beard and the six month sentence for contempt which resulted from Perry's refusal to obey the court's order to shave, impermissibly double counted Perry's conduct in growing the beard. The majority appears to rely on alternate rationales to support its determination that the above punishments impermissi-

bly double count Perry's conduct; unfortunately, I cannot agree with either.

First, in their initial discussion of this issue, the majority has chosen to blur the distinction between the two separate conducts and, instead, relies upon the conclusion that, "[t]o draw a distinction between the growing of the beard and the refusal to shave as justifying separate and cumulative punishments overlooks the fact that it was simply Perry's appearance at trial wearing a beard that resulted in the punishment." Majority Op. at 710. Thus, in this section of their analysis, the majority appears to reject Perry's contention that he engaged in a single conduct, concluding instead that it was simply Perry's appearance at trial which precipitated the imposition of both the obstruction enhancement and the sentence for contempt; and, that this somehow makes it unfair for Perry to have received both the enhancement for obstruction and the sentence for contempt. However, the record does not support this analysis.

At the resentencing, the district court did not conclude that the enhancement was applicable solely because Perry appeared at trial still wearing the beard; instead, the district court concluded that the enhancement was applicable because Perry's decision to grow the beard

> affected the prosecution; definitely affected the investigation of the case when the defendant grows a beard subsequent to the commission of the offense. And regardless of whether he obeyed my Order to shave or not, which is another matter, the fact is, that he grew the beard in an attempt to hinder the prosecution, to make it difficult to identify him.

Thus, the majority's conclusion that the obstruction enhancement was imposed "based on a finding that Perry intended to impede the administration of justice by appearing at trial with a beard" is not borne out by the record. The district court imposed the obstruction enhancement because it affects the investigation of an offense, in which identity is an issue, when the defendant grows a beard in order to hamper efforts to identify him. As a result, I also cannot agree with the majority's assertion

that, "[w]hether Perry grew a beard in advance of trial would have been wholly irrelevant if he had shaved it prior to trial, pursuant to court order or not." Maj. Op. at 710. The essence of the obstruction was Perry's attempt to obstruct justice by growing the beard in the first instance. If Perry had shaved the beard off five minutes before trial, he still would have been eligible for the enhancement based on his attempt to obstruct the investigation of the case. It is irrelevant to the resolution of this appeal that the district court might not have chosen to apply the enhancement if Perry had in fact removed the beard immediately prior to the trial. The district court specifically found that Perry's growing of the beard impeded the prosecution *and investigation* of this case, and we cannot conclude that these findings are clearly erroneous.

In addition, the district court's decision to hold Perry in contempt for failing to shave the beard when ordered to do so is completely independent of its determination that Perry attempted to obstruct justice by growing the beard in the first place. If Perry had chosen to remove the beard prior to arriving at trial, he would have complied with the district court's order and would therefore not have been eligible for the contempt sentence; however, as stated above, he would nevertheless have been eligible for the obstruction enhancement, whether or not the district court actually chose to impose it.

Despite initially giving short shrift to the question of whether Perry engaged in two conducts, later in their opinion, the majority specifically concludes that Perry engaged in only one conduct. Maj. Op. at 712. In support of this conclusion, the majority asserts that the situation presented in *United States v. Williams,* 922 F.2d 737 (11th Cir.) *cert. denied,* —— U.S. ——, 112 S.Ct. 258, 116 L.Ed.2d 212 (1991), is "identical" to the one at hand. However, a close reading of the court's decision in *Williams* reveals the error of that position. The defendant in *Williams* refused to testify in a co-conspirator's trial after the government obtained an immunity order compelling him to do so. Based on his refusal to testify, the district court found him guilty of criminal contempt and sentenced him to six months in prison. In addition, when Williams was sentenced for his own convictions the district court concluded that the same refusal to testify also constituted obstruction of justice justifying an increase in Williams's offense level by two points. Thus, the defendant in *Williams* was in fact punished twice for the one conduct of failing to testify at his co-conspirator's trial.

In the present case, however, Perry committed two separate and distinct acts, each of which made him eligible for penalty. First, after his arrest, Perry grew a beard. The district court explicitly determined that Perry grew the beard in order to "hinder the prosecution, to make it difficult to identify him." As noted above, we cannot say that this finding is clearly erroneous; therefore, under these facts, the growing of the beard was an attempt to obstruct justice. Contrast this situation to one in which, for example, a criminal defendant, after committing the crime, is involved in a serious accident which scars or disfigures his features. The defendant may be self-conscious about the scars and choose to grow a beard to cover them. Because the essence of an obstruction enhancement is the intent to obstruct, the growing of the beard for some other reason would not be an action for which an enhancement for obstruction of justice is appropriate. But in the case before us now, Perry grew the beard in order to prevent his being identified as the person who robbed the branch of the Pikeville National Bank. This action clearly constituted an act designed to obstruct the investigation or prosecution of a criminal offense.

Prior to the trial, the district court became aware that Perry had grown the beard and ordered him to shave. Nevertheless, Perry appeared at trial still wearing the beard. The district court then held Perry in contempt for failing to obey his order to shave. Perry's refusal to shave was thus a second and completely distinct action from his initial decision to grow the beard to complicate or hinder identification. Looking again at the facts in *Williams,* it is clear how these two situations differ and why the majority's reliance on that case is erroneous. In *Williams* the defendant simply refused to testify at a co-conspirator's trial. This is one action. On the basis of that one action, he was sentenced both for contempt and obstruction of justice.

If the district court had preemptively ordered Perry not to grow a beard, and Perry had nonetheless done so and then the district court had enhanced Perry's sentence for obstruction and also held him in contempt, then the majority's analysis would be correct and this case would be "identical" to the situation in *Williams*. However, these are not the facts in this case and *Williams* does not control.

I would hold that the district court was correct. Perry grew the beard in an attempt to obstruct justice. In addition, Perry disobeyed the district court's order to shave the beard. This second action is separate and distinct from the first.

Because the two conducts are distinct, I am compelled to disagree with the majority's ultimate determination that Perry is entitled to be sentenced without the two level enhancement for obstruction of justice. It was proper for the district court to impose the six month sentence on Perry for his conviction for contempt; and, it was also proper for the district court, at sentencing, to enhance Perry's offense level by two for attempting to obstruct justice by growing the beard. Thus, I would affirm the district court's sentence in its entirety.